1  RUSSELL L. ALLYN (SBN: 143531)
     *rallyn@buchalter.com*
2  DOUGLAS M. LIPSTONE (SBN: 141104)
     *dlipstone@buchalter.com*
3  BUCHALTER NEMER
   A Professional Corporation
4  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017
5  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
6
   Attorneys for Plaintiffs
7  SWARM, LLC, dba Shades of Greige

8               UNITED STATES DISTRICT COURT
9               CENTRAL DISTRICT OF CALIFORNIA

10
11 SWARM, LLC, a California limited     CASE NO. CV10 3188 DDP (FFMx)
   liability company, dba Shades of
12 Greige,                              COMPLAINT FOR:
13              Plaintiffs,             (1) TRADEMARK
                                            INFRINGEMENT;
14         vs.                          (2) FALSE DESIGNATION OF
                                            ORIGIN;
15 MICAH A. COHEN, an individual, dba   (3) FEDERAL UNFAIR
   Shades of Grey by Micah Cohen; and       COMPETITION;
16 NANCY SIDONIE COHEN, an              (4) STATE UNFAIR
   individual,                              COMPETITION;
17                                      (5) INTENTIONAL
                Defendants.                 INTERFERENCE WITH
18                                          ECONOMIC RELATIONS;
                                        (6) BREACH OF DUTY OF
19                                          LOYALTY; AND
                                        (7) DECLARATORY JUDGMENT
20                                          FOR WITHDRAWAL OF
                                            DEFENDANTS' TRADEMARK
21                                          APPLICATION
22
                                        **DEMAND FOR JURY TRIAL**
23
24
25
26
27
28

## VENUE

1. This action is for trademark infringement and related claims under the Lanham Act. This Court has jurisdiction pursuant to 15 U.S.C. § 1121(a) (trademark actions), 28 U.S.C. § 1331 (federal question), § 1338(a) and (b) (trademarks and unfair competition actions) and § 1367(a) (supplemental jurisdiction).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events or omissions giving rise to the claims arose in this District and the defendants reside here.

## FIRST CLAIM

(Federal Trademark Infringement Under 15 U.S.C. § 1125(a) Against All Defendants)

3. Plaintiff Swarm, LLC ("Swarm") is a limited liability company duly organized and existing under the laws of the State of California with a principal place of business in the County of Los Angeles. Swarm is now, and for several years has been, engaged in business in interstate commerce across the United States doing business as "Shades of Greige."

4. Plaintiff is informed and believes that defendant Micah A. Cohen is an individual residing in the County of Los Angeles, State of California, and has recently begun doing business as "Shades of Grey by Micah Cohen."

5. Plaintiff is informed and believes that defendant Nancy Sidonie Cohen is an individual residing in the County of Los Angeles, State of California, and has recently filed a intent-to-use trademark application for "Shades of Grey."

6. Since in or about February 2007, Plaintiff, or its predecessor in interest, has been engaged in the business of designing, manufacturing and wholesale selling of men's apparel and accessories bearing the "SHADES OF GREIGE" trademark (the "Trademark").

///

7. Plaintiff has been consistently and continually using the "SHADES OF GREIGE" trademark over the past three years in connection with its goods. Plaintiff's Trademark is prominently displayed on its goods, in its brochures and in its advertising. Plaintiff has expended substantial time, money, and effort to create and build-up goodwill and consumer recognition in its "SHADES OF GREIGE" trademark, which, as a result, is famous, well known to its wholesale and retail customers, and has developed a secondary meaning identifiable with Plaintiff.

8. On or about March 17, 2010, Plaintiff filed an application with the United States Patent and Trademark Office for registration of the mark "SHADES OF GREIGE," Serial Number 77961310, for clothing, namely pants, shorts, shirts, tee shirts, polo style shirts, sweaters, sweatshirts, sweatpants, jackets, coats, suits scarves, underwear, loungewear, pajamas, robes, belts, footwear and headwear in International Class 25 ("Plaintiff's Trademark Application"). Plaintiff's Trademark Application identifies the date of first-use of the mark in interstate commerce as February 13, 2007.

9. Beginning in or about early 2007, Plaintiff, or its predecessor in interest, employed Micah A. Cohen as a designer for Plaintiff's "SHADES OF GREIGE" apparel line. In or about November 13, 2009, Mr. Cohen quit his job with Plaintiff. Unbeknownst to Plaintiff, approximately 3½ weeks earlier (on or about October 19, 2009), Mr. Cohen's mother, Nancy Sidonie Cohen, with whom he apparently resides or resided, filed an intent-to-use application with the United States Patent and Trademark Office for registration of the mark "SHADES OF GREY," Serial Number 77852023, for use upon clothing, namely tee shirts, shirts, tops, pants, jeans, shorts, bottoms, jackets, suits, outerwear, underwear, hats, scarves, gloves and shoes in International Class 25 ("Defendants' Trademark Application"). Defendants then began designing, manufacturing and selling a men's apparel line in direct competition with Plaintiff under the name "SHADES OF GREY BY MICAH COHEN" (the "Accused Goods"). And in

1  doing so, Defendants are utilizing the same designs, patterns, look, pricing,
2  factories and sales representatives used by Plaintiff when Mr. Cohen was employed
3  by Plaintiff, and Defendants are selling the Accused Goods to the same wholesale
4  customers to which Plaintiff sells its goods and has developed valuable business
5  relationships.  Defendants are selling the Accused Goods through the same
6  channels of trade as Plaintiff and Defendants' use of its "SHADES OF GREY BY
7  MICAH COHEN" trademark is causing actual confusion in the marketplace with
8  Plaintiff's "SHADES OF GREIGE" trademark.

9      10.    Plaintiff has devoted substantial time, money, and effort in the
10 establishment and protection of the goodwill, customer recognition, and nationwide
11 reputation of its SHADES OF GREIGE trademark, and such Trademark is
12 symbolic of the extensive goodwill, customer recognition, and nationwide
13 reputation built up by Plaintiff in connection with its business and products.
14 Plaintiff has a particularly valuable goodwill established in its "SHADES OF
15 GREIGE" trademark.

16     11.    Defendants' "SHADES OF GREY BY MICAH COHEN" trademark
17 is virtually identical to or so resembles Plaintiff's mark as to cause confusion, to
18 cause mistake, or to deceive wholesale and retail customers of the apparel line.
19 Indeed, Defendants deliberately, knowingly and intentionally engaged in such
20 conduct to deceive wholesale and retail customers, who buy the Accused Goods,
21 believing that they were, in fact, buying legitimate, authentic SHADES OF
22 GREIGE products from Plaintiff.

23     12.    Plaintiff is informed and believes and upon such information and
24 belief alleges that customers have considered and are in fact likely to consider the
25 items offered under Defendants' name and mark as emanating from Plaintiff and
26 are likely to patronize Defendants believing that the source is Plaintiff.  Moreover,
27 concurrent use of, and claim of rights in Plaintiff's "SHADES OF GREIGE" mark
28

and Defendants' "SHADES OF GREY BY MICAH COHEN" mark is resulting in irreparable damage to Plaintiff's reputation and goodwill.

13.  Defendants have threatened to and, unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief therefor, and, unless this Court grants Plaintiff an injunction preventing Defendants from continuing its use of a confusingly similar trademark, Plaintiff will not be able to prevent infringement of its Trademark and will be irreparably damaged.

14.  Defendants' conduct has caused, continues to cause, and is likely in the future to cause confusion, mistake, and deception in the minds of customers and to injure and damage Plaintiff's goodwill for which there is no adequate remedy at law. By reason of the foregoing, Plaintiff has suffered and continues to suffer damages and injury to its business, goodwill and profits, the precise amount to be determined at trial, and Plaintiff is entitled to the remedies provided for in 15 U.S.C. § 1116 *et seq.*

## SECOND CLAIM
(False Designation Of Origin Under 15 U.S.C. § 1125(a)
Against All Defendants)

15.  Plaintiff hereby realleges, repeats and incorporates paragraphs 1-14 above as though set forth in full.

16.  Plaintiff is informed and believes that Defendants, by their acts herein alleged, willfully, knowingly, and intentionally have engaged in behavior, and taken actions that are likely to confuse the trade and customers in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

17.  Plaintiff is informed and believes that Defendants' choice of and subsequent use of a confusingly similar and/or identical name and trademark to that of Plaintiff, without Plaintiff's knowledge and/or authorization, has led and will

1  lead customers and the trade to mistakenly believe that Defendants are Plaintiff,
2  and/or that Defendants' products and services originate from, or are authorized,
3  approved, sponsored, or licensed by Plaintiff, and that said conduct misappropriates
4  Plaintiff's Trademark, trademark rights and goodwill, all to Plaintiff's continuing
5  detriment.
6      18.   Defendants' use of said name and trademark constitutes willful and
7  deliberate uses of a false designation of origin or a false or misleading
8  representation, and is likely to cause confusion, mistake or deception by inducing
9  the impression among customers that the products and services offered by
10 Defendants have been offered by Plaintiff.
11     19.   As a direct, proximate and foreseeable result of the wrongful actions of
12 Defendants, Plaintiff has been irreparably injured and suffered, and continues to
13 suffer, damages in an amount to be determined at trial.

## THIRD CLAIM

(Unfair Competition Under 15 U.S.C. § 1125

Against All Defendants)

17     20.   Plaintiff hereby realleges, repeats and incorporates paragraphs 1-14
18 above as though set forth in full.
19     21.   Defendants are competing with Plaintiff in the same channels of trade
20 and using a trademark that is identical or confusingly similar to that of Plaintiff's
21 with knowledge of Plaintiff's prior use of its mark.
22     22.   Defendants are engaging in unfair competition, by utilizing the same
23 designs, patterns, look, pricing, factories and sales representatives that were used
24 when Mr. Cohen was employed by Plaintiff, and Defendants are selling the
25 Accused Goods to the same wholesale customers to which Plaintiff sells its goods
26 and has developed valuable business relationships.
27     23.   Moreover, while Mr. Cohen was still employed by Plaintiff,
28 Defendants arranged to have registered a competing trademark and began

competing to usurp business opportunities from Plaintiff and establish a competing collection of apparel, all with the intention of depriving Plaintiff of customers and revenue.

24. Defendants are selling and offering to sell the Accused Goods in such manner as to misleadingly imply that they are emanating from, or sponsored or approved by Plaintiff resulting in lost sales by Plaintiff, dilution of Plaintiff's Trademark and irreparable damage to Plaintiff's reputation and goodwill.

25. As a direct, proximate and foreseeable result of the wrongful conduct of Defendants, Plaintiff has been irreparably injured and suffered and continues to suffer damages, the precise amount to be determined at trial.

## FOURTH CLAIM

(Unfair Competition Under California Business & Professions Code §§ 17200, 17203 and 17500 Against All Defendants)

26. Plaintiff hereby realleges, repeats and incorporates paragraphs 1-14 above as though set forth in full.

27. Defendants are engaging in unfair competition, by utilizing the same designs, patterns, look, pricing, factories and sales representatives that were used when Mr. Cohen was employed by Plaintiff, and selling to the same wholesale customers to which Plaintiff sells and has developed relationships.

28. Moreover, while Mr. Cohen was still employed by Plaintiff, Defendants arranged to have registered a competing trademark and began competing to usurp business opportunities from Plaintiff and establish a competing collection of apparel, all with the intention to deprive Plaintiff of customers and revenue.

29. As a direct, proximate and foreseeable result of the wrongful conduct of Defendants, Plaintiff has been irreparably injured and suffered and continues to suffer irreparable injury for which Plaintiff has no adequate remedy at law.

///

## **FIFTH CLAIM**

(Intentional Interference with Economic Relations Against All Defendants)

30. Plaintiff hereby realleges, repeats and incorporates paragraphs 1-29 above as though set forth in full.

31. Plaintiff is informed and believes and thereupon alleges that Defendants were aware of Plaintiff's beneficial contractual relationships with its wholesale customers for goods designed, manufactured and sold by Plaintiff, which contractual relationships contained the probability of future economic benefit to Plaintiff for the Fall 2010 collection and beyond.

32. Plaintiff is informed and believes and thereupon alleges that sometime in 2009, Defendants began soliciting these wholesale customers for the purpose of competing with Plaintiff and inducing them to purchase goods from Defendants, instead of placing orders with Plaintiff for goods from collections that should have been manufactured and sold by Plaintiff.

33. Based upon Defendants' usurpation of Plaintiff's designs, patterns, look, pricing, factories and sales representatives and other acts of unfair competition as alleged herein, Defendants succeeded in interfering with Plaintiff's economic relationships and prospective economic advantages with its wholesale customers.

34. Plaintiff's economic relationships and prospective economic advantages with its wholesale customers would have continued but for the interference of Defendants.

35. As a proximate result of Defendants' wrongful conduct and their interference with Plaintiff's customers, Plaintiff has suffered damages in an amount to be proven at trial.

36. The aforementioned acts of Defendants were oppressive, fraudulent or malicious. Plaintiff is, therefore, entitled to punitive damages.

///

## SIXTH CLAIM

### (Breach of Duty of Loyalty Against Micah A. Cohen)

37. Plaintiff hereby realleges, repeats and incorporates paragraphs 1-14 above as though set forth in full

38. While still employed by Plaintiff, Mr. Cohen arranged to have his mother file Defendants' Trademark Application and began designing, manufacturing and selling a men's apparel line in direct competition with Plaintiff's existing apparel line. And in doing so, Mr. Cohen utilized the same designs, patterns, look, pricing, factories and sales representatives that were used during his employment with Plaintiff, and sold to the same wholesale customers to which Plaintiff sells and has developed relationships.

39. In taking the above actions, Mr. Cohen breached his duty of loyalty toward Plaintiff during his term of employment. He failed to faithfully serve Plaintiff during his term of employment by engaging in competing, outside business for his own benefit and to the detriment of Plaintiff.

40. Mr. Cohen's breach of his duty of loyalty has caused damages to Plaintiff, the amount of which will be proven at trial

41. Mr. Cohen's aforementioned conduct was intended by him to cause injury to Plaintiff or was despicable conduct carried on by him with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights or was an intentional misrepresentation, deceit or concealment of material facts known to Mr. Cohen with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code section 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Mr. Cohen.

///

///

## SEVENTH CLAIM

(Declaratory Judgment for Withdrawal of Defendants' Trademark Application, *inter alia*, Against All Defendants)

42. Plaintiff hereby realleges, repeats and incorporates paragraphs 1-14 above as though set forth in full

43. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding their respective ownership and/or usage of the trademark "SHADES OF GREIGE," Plaintiff's Trademark Application, Defendants' usage of "SHADES OF GREY BY MICAH COHEN" and Defendants' Trademark Application.

44. Plaintiff contends that Micah A. Cohen has abandoned any interest that he may have had in the trademark "SHADES OF GREIGE" by the manner in which he left his employment with Plaintiff, his promise not to use "SHADES OF GREIGE," and his adoption of a different, though confusingly similar, trademark for use in his competing business. Plaintiff is informed and believes and thereupon alleges that Defendants contend otherwise.

45. Plaintiff contends that Nancy Sidonie Cohen is not the proper applicant for Defendant's Trademark Application as she never had a *bona fide* intention to use the mark in commerce on the goods identified in Defendants' Trademark Application; that the marks "SHADES OF GREY" or "SHADES OF GREY BY MICAH COHEN" are likely to cause, and have caused, confusion in the marketplace with Plaintiff's Trademark "SHADES OF GREIGE;" and that Defendants' Trademark Application is void and should be withdrawn and that registration must be refused or canceled. Plaintiff is informed and believes and thereupon alleges that Defendants contend otherwise.

46. An actual controversy exists between Plaintiff and Defendants with respect to their respective rights and duties under the circumstances alleged above, and Plaintiff seeks a judicial determination thereof. A judicial determination is

necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights, duties and obligations with respect to their competing trademarks and Trademark Applications.

47. Plaintiff seeks declaratory judgment from this Court that Micah A. Cohen has abandoned any interest that he may have had in the trademark "SHADES OF GREIGE" and that Defendants' Trademark Application for "SHADES OF GREY" is void and therefore should be withdrawn and that registration must be refused or canceled.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For a temporary restraining order and preliminary and permanent injunctions ordering Defendants, their agents, servants, employees, and attorneys, and all persons in active concert or participation with it to refrain from using and or seeking protection of the name or trademark "SHADES OF GREY" or "SHADES OF GREY BY MICAH COHEN" or any other trademark, corporate name or tradename comprised in whole or in part of "SHADES OF GREY" or that is otherwise confusingly similar to "SHADES OF GREIGE," using Plaintiff's Trademark, designs, patterns or photographs in order to sell Defendants' line of product, diluting or otherwise injuring the reputation of Plaintiff or its Trademark.

2. For actual and compensatory damages in an amount to be proven at the time of trial not less than $100,000.00;

3. For Defendants' profits and an accounting thereof, pursuant to 15 U.S.C. § 1117(a);

4. For restitution of all designs, patterns and other items misappropriated by Defendants from Plaintiff and disgorgement of profits wrongfully obtained by Defendants by virtue of their unfair competition and intentional interference with economic relations;

///

///

5. For an order for destruction and/or elimination of all Accused Goods and advertising, brochures and other promotional material bearing the words "SHADES OF GREY" or "SHADES OF GREY BY MICAH COHEN";

6. For a declaratory judgment that Micah A. Cohen has abandoned any interest that he may have had in the trademark "SHADES OF GREIGE";

7. For a declaratory judgment that Defendants' Trademark Application for "SHADES OF GREY" (Serial No. 77852023) is void and that registration must be refused or cancelled, and for an injunction requiring Defendants to withdraw said application;

8. For treble damages for trademark infringement and false designation of origin;

9. For exemplary and punitive damages against Defendants for their intentional interference with economic relations and against for Mr. Cohen for breach of his duty of loyalty;

10. For an award of attorneys' fees and costs as allowed by law; and

11. For such other and further relief as this Court deems just and proper.

DATED: April 28, 2010

Russell L. Allyn
Douglas M. Lipstone
Buchalter Nemer, A Professional Corporation

By: _____
Russell L. Allyn
Attorneys for Plaintiff
SWARM, LLC

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiff hereby demands a trial by jury in this action of any issues triable by jury.

DATED: April 28, 2010

Russell L. Allyn
Douglas M. Lipstone
Buchalter Nemer, A Professional Corporation

By: _____
Russell L. Allyn
Attorneys for Plaintiff
SWARM, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV10- 3188 DDP (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SWARM, LLC, a California limited liability company, dba Shades of Greige

**DEFENDANTS**
MICAH A. COHEN, an individual, dba Shades of Grey by Micah Cohen; and NANCY SIDONIE COHEN, an individual

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Russell L. Allyn (SBN: 143531), rallyn@buchalter.com
Douglas M. Lipstone (SBN: 141104); dlipstone@buchalter.com
BUCHALTER NEMER, A Professional Corporation
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700; Facsimile: (213) 896-0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125 Trademark infringement; false designation of origin; unfair competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10 3188**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      American LegalNet, Inc. www.FormsWorkflow.com    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____/s/ Russell L. Allyn_____  Date April 28, 2010
  RUSSELL L. ALLYN

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com