Matthew J. Norris, Esq. (SBN 257505)
NORRIS LAW GROUP, P.C.
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
(310) 443-4159  (phone)
(310) 443-4220 (facsimile)
mjnorris@norrislglaw.com

Attorneys for Defendants Micah A. Cohen and Nancy Sidonie Cohen

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWARM, LLC, a California limited liability company, dba Shades of Greige,<br><br>Plaintiff,<br><br>vs.<br><br>MICAH A. COHEN, an individual, dba Shades of Grey by Micah Cohen; NANCY SIDONIE COHEN, an individual,<br><br>Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS. | Case No. CV 10-3188 DDP (FFMx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM FINAL ARBITRATION AWARD**<br><br>**[9 U.S.C. § 9]**<br><br>[Notice of Motion and Motion; Declaration of Matthew J. Norris; [Proposed] Order Filed Concurrently Herewith.]<br>Assigned to: Hon. Dean D. Pregerson<br>Date: December 10, 2012<br>Time: 10:00 a.m.<br>Location: Courtroom 3, Los Angeles-Spring Street<br>Complaint Filed: April 28, 2010 |

-1-
**MEMO OF PTS. AND AUTHORITIES ISO MTN. TO CONFIRM FINAL ARBITRATION AWARD**
Case No. CV 10-3188 DDP (FFMx)

## I. INTRODUCTION

The Plaintiff, Swarm, LLC ("Swarm") brought an action in this Court via the filing of a Complaint on April 28, 2010, naming Micah A. Cohen, a former Swarm employee, and Micah Cohen's mother Nancy Sidonie Cohen as defendants. Swarm brought claims against Defendants (and later arbitration Respondents) Micah Cohen and Nancy Cohen for trademark infringement, false designation of origin, federal and state unfair competition, intentional interference with economic relations, breach of duty of loyalty and declaratory judgment. (Declaration of Matthew J. Norris ("Norris Decl."), ¶ 2.)

On or about May 20, 2010, Plaintiff filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB"), contesting Nancy Cohen's application for registration of a trademark ("Ms. Cohen's Trademark Application"), which has been a subject of the present action. On or about May 21, 2010, Plaintiff filed a Motion to Suspend Opposition with the TTAB to stay those proceedings as to Ms. Cohen's Trademark Application and Swarm's Opposition thereto during the pendency of the present action. (Norris Decl., ¶ 3.)

The parties later stipulated to hold a mediation followed by binding arbitration before a JAMS arbitrator, and on June 9, 2010, this Court ordered the matter to be resolved via binding arbitration if mediation was not successful. Mediation failed to produce a settlement, and the parties submitted to arbitration before JAMS, with the Honorable George P. Schiavelli, U.S.D.J. (Ret.) (the "Arbitrator") serving as the duly appointed arbitrator throughout the entirety of the proceedings. (Norris Decl., ¶ 4.)

Following the referral of this matter to arbitration, two additional parties joined the case. First, Swarm moved to add All Shades United, LLC ("All Shades") as an additional defendant-respondent. All Shades is the company for which Micah Cohen now works and designs his clothing lines, and which his parents formed following Micah Cohen's resignation from Swarm. (Norris Decl., ¶ 16.) Second, Micah Cohen and Nancy Cohen filed an Answer and Cross-Complaint for breach of contract, conversion, and an accounting, naming Swarm and its principal, Jeff Port, as counterclaim defendants or, in

the terminology of the arbitration, cross-respondents. (Norris Decl., ¶ 17.) Following their additions to the case, both All Shades and Jeff Port participated fully in the arbitration, and were represented by the same counsel who represented the Cohens (in the case of All Shades) and Swarm (in the case of Port). Port testified extensively at the arbitration hearing and attended every one of its eleven days of testimony and argument in their entirety. (Norris Decl., ¶¶ 16-18.)

Following prehearing discovery, prehearing motions, and an eleven-day arbitration hearing spanning over a month in duration because of scheduling conflicts, the Arbitrator issued an Interim Award on March 27, 2012. (Norris Decl., ¶ 5.) Following further briefing on the issue of attorney fees, the Arbitrator issued an Attorney's Fee Award on August 20, 2012, awarding Defendants Micah Cohen, Nancy Cohen, and All Shades their attorney fees and costs. (Norris Decl., ¶ 6.)

The Arbitrator later combined the Interim Award and the Attorney Fee's Award and issued a Final Award (the "Final Arbitration Award") on October 5, 2012. (Norris Decl., ¶ 7.) A true and correct copy of the Final Arbitration Award is attached hereto as Norris Decl., Exhibit 1.

The Defendants now move this Court, pursuant to Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, for an order confirming the Final Arbitration Award in *Swarm, LLC v. Micah A. Cohen et. al.,* JAMS Ref. No. 1220041905. Section 9 of the FAA provides that "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The limited statutory grounds for vacating or rehearing an arbitration award under the FAA do not exist in this case. Accordingly, the Defendants respectfully request that this Court confirm the Final Arbitration Award and enter an order for judgment in accordance therewith.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Swarm employed Defendant-Respondent Micah Cohen to design a line of men's apparel between 2007 and 2009, pursuant to an employment agreement (the "Agreement") providing for a three-year term, and an expiration of Micah Cohen's tenure with Swarm on April 30, 2010. (Norris Decl., Exh. 1, p. 5.) To provide a brand name for their planned line of apparel, Micah Cohen and Jeff Port jointly filed a trademark application with the United States Patent and Trademark Office for the trademark SHADES OF GREIGE in their individual names on January 31, 2007. (Norris Decl., Exh. 1, p. 3.) The Agreement confirmed that Micah Cohen and Jeff Port, Swarm's principal, jointly owned the trademark SHADES OF GREIGE, and further allowed Swarm to use the mark for as long as Jeff Port and Micah Cohen were involved with the company and both owned the mark. (Norris Decl., Exh. 1, p. 6.) Micah Cohen signed the employment agreement, saw Swarm's principal, Jeff Port, sign it, and Cohen immediately stored his fully executed copy in his personal filing cabinet at Swarm's office. Cohen faithfully executed his duties for Swarm for well over two years, designing clothing lines, traveling extensively in support of those design efforts and the sales of the collections, and performing other tasks under Jeff Port's direction. (Norris Decl., Exh. 1, pp. 5-6.)

On November 13, 2009, following numerous breaches of the employment agreement by Swarm (including without limitation the repeated and continued failure of Swarm to provide Micah Cohen with an accounting of profits from Swarm's business, as the employment agreement required), Mr. Cohen provided notice of termination of the employment agreement and tendered his resignation from Swarm. Swarm accepted that resignation. Mr. Cohen then began to design his own line of clothing for the Fall/Winter 2010 season, and has sold apparel since under the mark SHADES OF GREY, with the clothes labeled SHADES OF GREY BY MICAH COHEN. (Norris Decl., Exh. 1, pp. 7-9.)

In so doing, Micah Cohen used none of the previous designs he used while at

Swarm, and made no effort to dissuade anyone from continuing to do business with Swarm. To the contrary, Mr. Cohen offered to assist Swarm with the completion of Swarm's Spring/Summer 2010 season. Swarm refused this offer and undertook measures that were cursory at best to continue its business for any subsequent clothing seasons. Norris Decl., Exh. 1, pp. 11-12.)

On September 29, 2010, Swarm filed its Demand for Arbitration, which contained no independent substantive allegations, but attached the previously filed district court Complaint. (Norris Decl., ¶ 8.) Fact discovery, consisting of the exchange of well over two thousand pages of written documents and the taking of six separate depositions, concluded on June 23, 2011. (Norris Decl., ¶ 9.) On June 30, 2011, one day before the last day to conduct depositions, Swarm served a motion to add a new claim for misappropriation of trade secrets to this litigation. The Arbitrator denied the motion. Shortly thereafter, the Defendant-Respondents filed a motion for summary judgment, which the Arbitrator denied after oral argument. (Norris Decl., ¶ 10.)

The arbitration hearing began on August 15, 2011, and lasted for eleven nonconsecutive days, ending on September 23, 2011. (Norris Decl., ¶ 11.) The Arbitrator heard testimony from approximately 15 witnesses, including testimony by Jeff Port, Swarm's principal owner, lasting for several days. (Norris Decl., ¶ 12.) The Arbitrator enforced the Federal Rules of Evidence during the proceeding, and the hearing was "litigation-like," in the nature of a bench trial. (Norris Decl., ¶ 13.) Following the conclusion of the hearing, the parties submitted closing briefs and replies totaling in excess of 100 pages, and following the issuance of the Interim Award, at the invitation of the Arbitrator, the parties submitted additional expansive briefing concerning the amount of attorney fees that should be awarded to the Defendant-Respondents. As part of that submission, the Defendant-Respondents submitted detailed and itemized time records from their counsel. (Norris Decl., ¶ 14.)

-5-
**MEMO OF PTS. AND AUTHORITIES ISO MTN. TO CONFIRM FINAL ARBITRATION AWARD**
Case No. CV 10-3188 DDP (FFMx)

### III. THE ARBITRATION AWARD

The Final Award of the Arbitrator, issued on October 5, 2012 and supplied as Exhibit 1 to the Declaration of Matthew J. Norris filed concurrently herewith, awards the following relief in favor of the Defendant-Respondents:

    a.    That the Plaintiff-Claimant, Swarm, LLC, have and recover nothing from any of the Defendant-Respondents;

    b.    That an order issue directing the cancellation of Swarm, LLC's registration of the trademark SHADES OF GREIGE with the United States Patent and Trademark Office, designated by Registration Number 3924774 (Registration Date March 1, 2011), and ordering Swarm to have SHADES OF GREIGE stricken from the Principal Register;

    c.    That an order issue directing the denial of Swarm, LLC's opposition to Trademark Application Serial No. 77/852,023 for the trademark SHADES OF GREY;

    d.    That all parties to the arbitration, including Jeff Port, be permanently enjoined from using the SHADES OF GREIGE trademark;[1]

    e.    That Micah Cohen recover the sum of **$130,231.00** from Swarm and Jeff Port, jointly and severally, representing Micah Cohen's share of Swarm, LLC's net income during Micah Cohen's employment with Swarm;

    f.    Payment of the Respondents' arbitration fees (including JAMS administrative fees and Arbitrator compensation and expenses pursuant to Rule 24

---

[1] The Final Arbitration Award omits the word "enjoined" from its concluding language setting forth the award. However, the detailed discussion driving this portion of the Final Arbitration Award, set forth at Norris Decl., Exh. 1., pp. 19-20, makes the Arbitrator's intentions to enjoin all parties clear: "I agree with Respondents and will enjoin both Micah Cohen and Port from using the SHADES OF GREIGE mark." (Norris Decl., Exh. 1, p. 19.)

of the JAMS Comprehensive Arbitration Rules and Procedures), in full, by Swarm and Jeff Port, jointly and severally,[2] in the amount of **$112,710.15**;[3] and

      g.      Payment of the Respondents' reasonable attorney fees, in the amount of **$474,889.21**, in full, by Swarm and Jeff Port, jointly and severally.

(Norris Decl., Exh. 1, p. 41.)

The Defendants now ask the Court to confirm the Final Arbitration Award and issue judgment in accordance therewith.

### IV.   ARGUMENT

#### A.   The Court expressly retained jurisdiction over the action and may therefore confirm the Final Arbitration Award.

The Court expressly retained jurisdiction to confirm any award rewarding from the Arbitration, and is thus empowered to confirm the Final Arbitration Award.  9 U.S.C. § 1, *et seq.; Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 202 (2000); *Johnson v. Wells Fargo Home Mortgage Inc.*, 635 F.3d 401, 410 (9th Cir. 2011).  Under the FAA, the district court has continuing jurisdiction to enforce, confirm or modify an arbitration award where the claim was already pending in a district court with competent jurisdiction.  9 U.S.C. § 1, *et seq.; see also Carolina Power & Light Co. v. Uranex,* 451 F. Supp. 1044, 1052 (N.D. Cal. 1977) (holding that "[s]ection 4 of the United States Arbitration Act . . . has not been interpreted to deprive the courts of continuing jurisdiction over the action").

---

[2] After the case was referred to JAMS for arbitration, the Defendant-Respondents filed an Answer and Counterclaim naming both Swarm and its principal, Jeff Port, as a counterclaim defendant/cross-respondent.  Port was represented by counsel throughout the entire arbitration process, participated fully in the arbitration, attended every one of the eleven days of the arbitration hearing, and testified at length at the hearing as noted above. (Norris Decl., ¶¶ 17-18.)

[3] The Final Award does not specify the total amount of JAMS administrative fees and arbitrator compensation, perhaps because the Arbitrator did not have the final figures available, but the Defendant-Respondents subsequently obtained a letter and Statement of Account from JAMS showing the total amount of JAMS fees and arbitrator compensation paid by the Defendant-Respondents throughout the life of the arbitration of this matter. (Norris Decl., ¶ 15.)  These JAMS-issued documents are attached hereto as Norris Decl., Exhibit 2.

The parties here specifically stipulated that arbitration would be binding, and that "any award rendered pursuant to [arbitration] shall be subject to confirmation by the Court." (Stipulation to Submit to Binding Arbitration and for Stay of Action, June 7, 2010, Document No. 5, ¶¶ 1, 4.) The parties further stipulated that the arbitration would be conducted before a single arbitrator pursuant to the Comprehensive Arbitration Rules and Procedures of JAMS ("JAMS Rules"). (*Id.* at ¶ 2.) JAMS Rule 25 provides:

> Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1 *et seq.* or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.

For these several reasons, this Court therefore retained jurisdiction to enforce the award rendered by the arbitrator, and may now enforce that award.

### B. **The Final Arbitration Award is a final and binding determination, suffers from no deficiencies that subject it to attack, and should be confirmed.**

The FAA provides that "any party to [an] arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In order to be confirmed, an award must be "mutual, final, and definite . . . upon the subject matter submitted." 9 U.S.C. § 10(a)(4).

Importantly, district courts in the Ninth Circuit should confirm an arbitration award without conducting any reassessment of the factual and legal reasoning of the arbitrator, because "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (internal citations and quotation marks omitted).

Confirmation is also required even if the arbitrator "may have failed to understand or apply the law." *Id.*

Although the FAA does set forth grounds under which an arbitration award may be vacated, these grounds are extremely limited. An arbitration award may only be vacated when the award was procured by corruption, fraud, or undue means; when there was evidence of partiality or corruption on the part of the arbitrator; when the arbitrator refused to postpone the hearing for cause shown, refused to hear evidence pertinent and material to the controversy, or committed some other prejudicial misconduct; or when the arbitrator exceeded his or her powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

None of these limited statutory grounds for vacating or rehearing an award under the FAA is present here. The arbitration process, from start to finish, was fair, unbiased, and completely free from any taint of corruption, nor did the arbitrator commit any prejudicial misconduct. The parties undertook extensive written and oral discovery, took part in prehearing motion practice, and both parties had the opportunity to submit motions for summary judgment (although only the Defendant-Respondents did so). The arbitrator allowed both parties to submit motions in limine prior to the hearing, and conducted the hearing in the nature of a bench trial, with the Federal Rules of Evidence in effect. The arbitration hearing took place over eleven nonconsecutive days, and some 15 witnesses testified under oath. The party witnesses, in particular Jeff Port and Micah Cohen, testified over periods of several days and were questioned by counsel for both sides at length. Following the hearing, the Arbitrator invited closing briefs and replies, submissions that totaled well over 100 pages. The Arbitrator, following the creation of this expansive record and extensive post-arbitration briefing, evaluated the issues submitted for decision for several months before issuing the three awards: the Interim Award finding for the Defendant-Respondents on the merits, the Attorney Fee Award, and the Final Arbitration Award synthesizing both.

Pursuant to the above, there are no grounds to prevent the confirmation of the Final

Arbitration Award under the FAA. Accordingly, the Defendants respectfully request that this Court confirm the Final Arbitration Award.

DATED: November 12, 2012            Norris Law Group, P.C.


By: _____/s/ Matthew J. Norris_____
Matthew J. Norris
Attorneys for Defendants
MICAH A. COHEN, NANCY SIDONIE COHEN
and ALL SHADES UNITED, LLC