O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SWARM, LLC, | ) | Case No. CV 10-03188 DDP (FFMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION TO CONFIRM FINAL ARBITRATION AWARD** |
| v. | ) | |
| | ) | |
| MICAH A. COHEN et al., | ) | [Dkt. No. 11] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is Defendants' Motion to Confirm Final Arbitration Award.[1]

**I. BACKGROUND**

Plaintiff Swarm, LLC ("Swarm") filed a complaint against Defendants Micah A. Cohen and his mother Nancy Sidonie Cohen for trademark infringement, false designation of origin, federal and state unfair competition, intentional interference with economic

---

[1] Plaintiff's responsive papers are entitled "Plaintiff's Opposition to Motion to Confirm Final Arbitration Award and Motion to Vacate or Modify Final Arbitration Award." Because Plaintiff's arguments in support of a Motion to Vacate or Modify appear to be identical to Plaintiff's arguments against confirmation of the final arbitration award, the court's findings with respect to the Defendants' Motion to Confirm Final Arbitration Award shall equally apply to Plaintiff's Motion to Vacate or Modify Final Arbitration Award.

relations, breach of duty of loyalty, and declaratory judgment. Swarm had hired Mr. Cohen to design a line of men's apparel under the mark SHADES OF GREIGE.  After more than two years, Mr. Cohen resigned from Swarm and began to design clothing under the mark SHADES OF GREY.

Plaintiff filed a complaint on April 28, 2010.  The parties later stipulated to hold a mediation followed by binding arbitration before a JAMS arbitrator.  On June 9, 2010, this court ordered the matter to be resolved through binding arbitration if mediation was not successful.  The parties submitted to arbitration before the Honorable George P. Schiavelli, U.S.D.J. (Ret.). (Norris Decl. ¶ 4.)

After the matter had been referred to arbitration, Swarm moved to add All Shades United, LLC ("All Shades") as an additional defendant-respondent.  All Shades is a company formed by Mr. Cohen's parents and for which he now works.  (Norris. Decl. ¶ 16.) Additionally, Micah and Nancy Cohen filed an Answer and Cross-Complaint for breach of contract, conversion, and an accounting, naming Swarm and its principal, Jeff Port, as cross-defendants. After prehearing discovery, prehearing motions, and an eleven-day arbitration hearing, the Arbitrator issued an Interim Award on March 27, 2012, followed by a Final Award on October 5, 2012. (Norris Decl. ¶¶ 5,7.)

**II. LEGAL STANDARD**

"The Federal Arbitration Act, 9 U.S.C. §§ 1-16, enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award. Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an

2

arbitral award under the statute, which is unambiguous in this regard." <u>Kyocera Corp. v. Prudential-Bache Trade Services, Inc.</u>, 341 F.3d 987, 994 (9th Cir. 2003). The Act permits vacatur only "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). "[A]rbitrators 'exceed their powers' in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" <u>Kyocera Corp. V. Prudential-Bache Trade Services, Inc.</u>, 341 F.3d 987, 997, quoting <u>French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 784 F.2d 902, 906 (9th Cir. 1986) and <u>Todd Shipyards Corp. V. Cunard Line, Ltd.</u>, 943 F.2d 1056, 1059-60 (9th Cir. 1991).

**III. DISCUSSION**

Plaintiff opposes the Final Arbitration Award on the grounds that the award was "based on a manifest disregard of the law." (Opp. at 1.) In particular, Plaintiff asserts that the Arbitrator disregarded the law with respect to the alter ego doctrine, the finding that there was a written agreement, and the treatment of the issue of fiduciary duty. (Opp. at 6.)

Plaintiff maintains that the alter ego doctrine is an "extreme remedy" and that therefore "the court should err on the side of not applying it. (Opp. at 4.) Plaintiff distinguishes this case from <u>Sonora Diamond Corp. V. Superior Court</u>, 83 Cal. App. 4th 523, 538 (2000), cited by the Arbitrator in support of his application of the alter ego doctrine, and argues that the case compels the opposite finding. (Opp. At 4-5.) The court finds that Plaintiff falls short of showing that the Arbitrator demonstrated a "manifest disregard for the law." Even if Plaintiff were correct in its interpretation of the alter ego doctrine, the Final Award would at most be an incorrect application of law to facts.

Plaintiff asserts that "ruling that there was a written agreement is a manifest disregard of the law of estoppel." (Opp. at 6.) The court disagrees. It is clear from the Final Award that the Arbitrator made findings of fact based on witness testimony and legal analysis. (Decl. Norris, Exh. 1, pp. 4-613-14.)[2] Again, the court finds that there was no manifest disregard of the law in this aspect of the Final Award.

Finally, Plaintiff asserts that the Award "sets forth the parties' positions on the issue of fiduciary duty but does not decide it. Instead, the Award states that plaintiff Swarm relies on the same evidence as the intentional interference claim. It does not. The elements of the duty of loyalty are: Duty, breach, and damages." (Opp. at 6.) Although Plaintiff is correct that the

---

[2] For instance, the Arbitrator states, "I find particularly probative the occasions that Port referred to the employment agreement in other writings, and the manner in which Port conducted himself in accordance with the terms of that Agreement until after Cohen resigned." (Decl. Norris, Exh. 1, p.13.)

4

Award states that Plaintiff relies upon the same evidence in the two claims, there is no reason to think that this indicates any kind of legal error, much less "manifest disregard of the law." The Arbitrator clearly set forth the elements of the breach of duty of loyalty and determined that the evidence Plaintiff provided to support its fiduciary duty claim – evidence that Mr. Cohen allegedly misappropriated Plaintiff's designs and started a competing clothing line with a confusingly similar name – was the same evidence that it had provided for the intentional interference claim. In both cases, the Arbitrator found that evidence to be unconvincing. ("As discussed above, Cohen did not steal any of Swarm's designs, and did not use a confusingly similar mark.") (Decl. Norris, Exh. 1 at 31.)

IV. CONCLUSION

The court finds that Plaintiff has not established any grounds upon which the court could vacate, modify, or correct the arbitral award. Defendants' motion is GRANTED. The Final Award is hereby confirmed.

IT IS SO ORDERED.

Dated: December 7, 2012

DEAN D. PREGERSON
United States District Judge