O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SWARM, LLC, | ) | Case No. CV 10-03188 DDP (FFMx) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO ADD VICKI L. PORT a/k/a VICKI WOSKOFF AS DEFENDANT** |
| v. | ) ) | |
| MICAH A. COHEN et al., | ) ) | [DKT No. 37] |
| Defendants. | ) ) | |

Before the court is Defendants Micah A. Cohen and Nancy Sidonie Cohen's Motion to Add Vicki L. Port a/k/a Vicki Woskoff as Defendant. Having considered the parties' submissions and heard oral argument, the court adopts the following order.

**I.  Background**

This motion arises in the context of Defendants Micah A. Cohen and Nancy Sidonie Cohen's ("the Cohens") efforts to collect on a judgment in arbitration.

The underlying facts are set out in the court's December 7, 2012 Order Granting Defendants' Motion to Confirm Final Arbitration Award. (DKT No. 17.) Micah A. Cohen had been hired by Defendant

Swarm to design a line of men's apparel under the mark SHADES of
GREIGE. (Id. at 1.)  Cohen subsequently resigned and began to
design clothing under the mark SHADES OF GREY. (Id. at 2.)
Plaintiff Swarm, LLC filed a complaint against Cohen and his mother
Nancy Sidonie Cohen (now Nancy Sidonie) for trademark infringement,
false designation of origin, federal and state unfair competition,
intentional interference with economic relations, breach of duty of
loyalty, and declaratory judgment. (Id.)

The parties stipulated to binding arbitration before a JAMS
arbitrator and this court ordered the matter to arbitration. (Id.)
Prior to the arbitration proceedings, the Cohens filed a cross-
complaint for breach of contract, conversion, and accounting,
naming Swarm and its principal, Jeff Port, as cross-respondents.
(Id.) Swarm also moved to add All Shades United, LLC ("All Shades")
as an additional defendant-respondent. (Id.)

The Honorable George P. Schiavelli, U.S.D.J. (Ret.) presided
over the arbitration proceedings. After prehearing discovery,
prehearing motions, and an eleven-day arbitration hearing, the
Arbitrator issued an Interim Award on March 27, 2012, followed by a
Final Award on October 5, 2012. (Id.) The Arbitrator awarded the
Cohens' damages, attorneys fees, and costs. (See Motion to Add
Defendant, Ex. 1, Final Award in Arbitration ("Award") at 41.)

Relevant to the instant motion, although he twice noted it was
a "close question," the Arbitrator determined that it would be
appropriate to pierce the corporate veil with respect to Swarm, LLC
and make Jeff Port jointly and severally liable, along with Swarm,
for damages in the case. (Award at 34-35.) In determining that
Swarm was an alter ego of Port under California law, the Arbitrator

noted evidence that (1) Swarm had no capital assets and had
approximately $250.00 in its bank account at the time of the
hearing and as a general matter was undercapitalized; (2) that
Swarm's attorneys are also counsel for Port personally; (3) that
Port guaranteed the obligations of Swarm on at least two occasions
and personally paid Swarm's administrative fees for the
arbitration; and (4) that Port personally paid Swarm's expenses in
certain instances. (Id.) Prior to his death, Port owned 99% of
Swarm while his wife Vicki Port owed 1% of the company. (Id.)

The court confirmed the Final Arbitration Award and entered an
Order for Judgment, providing that Swarm and Jeff Port are liable,
jointly and severally, to Micah Cohen for $130,231.00 in damages,
$112,710.15 for arbitration fees and expenses, and $474,889.21 for
attorney fees. (DKT No. 19.)

The Cohens subsequently sought to collect on the judgment
against Swarm and Jeff Port. They obtained a Writ of Execution from
the court on February 14, 2013 and subsequently, they assert,
executed levies on various bank accounts suspected to belong to
Jeff Port. However, despite previously holding substantial funds,
these accounts were for the most part empty. (Mot. at 5;
Declaration of Matthew J. Norris in Support of Motion ¶ 7.)

In the course of these proceedings, on March 3, 2013, Jeff
Port passed away. The Cohens learned of Mr. Port's passing on April
26 via notices from attorneys Lyle R. Mink and Adam Streltzer.
(Mot. at 5.) According to the Cohens' counsel, Strelzer indicated
that he represented Vicki Port and demanded that the Cohens cease
all collection and judgment enforcement activities under
California's Enforcement of Judgment's Law and that the Cohens

3

1  proceed to enforce their judgment in accordance with the California

2  Probate Code. (Norris Decl. ¶ 9.) Attorney Norris asserts that he

3  requested to be informed by Strelzer when Mr. Port's estate was

4  probated but received no reply and has since verified that no

5  probate proceedings have been commenced. (<u>Id.</u> ¶ 10.)

6       Swarm's registration has been suspended by the California

7  Secretary of State, and its registered agent resigned September 17,

8  2013, but the company has not been formally dissolved. (Mot., Ex.

9  4, California Secretary of State Business Entity Detail Records.)

10

11 **II. Legal Standard**

12      The Ninth Circuit has held that Federal Rule of Civil

13 Procedure 69(a) "empowers federal courts to rely on state law to

14 add judgment-debtors under Rule 78(a), which permits creditors to

15 use judgment creditors to use any execution method consistent with

16 the practice and procedure of the state in which the district court

17 sits." <u>In re Levander</u>, 180 F.3d 1114, 1120-1121 (9th Cir. 1999).

18      The applicable state law, Section 187 of the California Code

19 of Civil Procedure, allows the amendment of a judgment to add

20 additional judgment debtors on the grounds that a person or entity

21 is the alter ego of the original judgment debtor, but only in

22 circumstances that do not offend due process.  <u>NEC Electronics v.</u>

23 <u>Hurt Hurt</u>, 208 Cal. App. 3d. 772, 778 (1989).  As the court

24 explained in <u>NEC Electronics</u>:

25      This is an equitable procedure based on the theory that the

26      court is not amending the judgment to add a new defendant but

27      is merely inserting the correct name of the real defendant.

28      (<u>Mirabito v. San Francisco Dairy Co.</u>, <u>supra</u>, 8 Cal.App.2d at

4

p. 57; <u>Thomson v. L.C. Roney & Co.</u>, Inc. (1952) 112 Cal.App.2d
420, 428-429 [246 P.2d 1017].) Such a procedure is an
appropriate and complete method by which to bind new
individual defendants where it can be demonstrated that in
their capacity as alter ego of the corporation they in fact
had control of the previous litigation, and thus were
virtually represented in the lawsuit." (1A Ballantine &
Sterling, Cal. Corporation Laws (4th ed.) § 299.04, p. 14-45.)
In other words, "[i]f the claim of individual liability is
made at some later stage in the action, the judgment can be
made individually binding on a person associated with the
corporation only if the individual to be charged, personally
or through a representative, had control of the litigation and
occasion to conduct it with a diligence corresponding to the
risk of personal liability that was involved." (Rest.2d,
Judgments, § 59, p. 102.)

<u>Id.</u> <u>See also</u> <u>Katzir's Floor & Home Design, Inc. v. M-MLS.com</u>, 394
F.3d 1143, 1150 (9th Cir. 2004) ("We believe that <u>NEC</u> represents
the law that the California Supreme Court would apply if faced with
this issue, and we therefore follow it.")

Accordingly, California court's have adopted a two-part test
to determine whether a defendant may be added after judgment is
entered: "The ability under section 187 to amend a judgment to add
a defendant, thereby imposing liability on the new defendant
without trial, requires *both* 1) that the new party be the *alter ego*
of the old party and (2) that the new party had controlled the
litigation, thereby having had the opportunity to litigate, in
order to satisfy due process concerns." <u>Toho-Towa Co., Ltd v.</u>

Morgan Creek Productions, Inc, 217 Cal.App.4th 1096, 1106, quoting
Triplett v. Farmers Ins. Exchange 24 Cal.App.4th 1415, 1421 (1994)
(emphasis in original). The applicable burden of proof is a
preponderance of the evidence. Wollersheim v. Church of
Scientology, 69 Cal.App.4th 1012, 1017 (1999).

## III. Discussion

Because it is dispositive of the motion, the court addresses
the second prong first, concerning whether the Cohens have
demonstrated that Mrs. Port "controlled" the prior litigation. As
explained below, the court finds that they have not.

As a general matter, "[c]ontrol of the litigation sufficient
to overcome due process objections may consist of a combination of
factors, usually including the financing of the litigation, the
hiring of attorneys, and control over the course of the
litigation." NEC Electronics Inc, 208 Cal.App.3d at 781, quoting
1A Ballantine & Sterling, Cal. Corporation Laws (4th ed.) § 299.04,
pp. 14-45-14-46, fn. omitted. "[S]ome active defense of the
underlying claim is contemplated." Id., quoting Minton v. Cavaney
(1961) 56 Cal.2d 576, 581 (1961). Additionally, courts have
considered an important factor whether the new defendant had a duty
to appear and defend herself in the earlier litigation. See id. at
778, citing Motores De Mexicali v. Superior Court 51 Cal.2d 172,
331 (1958); Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394
F.3d 1143, 1150 (9th Cir. 2004) (defendant was improperly added
post-judgment in part because he had "no personal duty to defend
the underlying lawsuit.")

In contending that Mrs. Port controlled the earlier
litigation, the Cohens make three assertions. First, they assert
that following Micah Cohen's announcement of his resignation, Mrs.
Port attended a meeting with her husband and two business advisors
to discuss what to do about the issues posed to Swarm by Cohen's
resignation--a meeting they assert led to their litigation against
Cohen. (Motion at 17, citing Testimony of Scott Rusczyk, 9 H.T.,
2424:22 to 2426:4.) Second, they assert that Mrs. Port attended all
of the two-week arbitration hearing and consulted with her husband
throughout the proceedings. (Motion, Ex. 7, Declaration of Micah
Cohen ¶ 25; Ex. 8, Declaration of Gary Cohen ¶¶ 18-20; Norris Decl.
¶¶ 15-16.) Third, they assert that Mrs. Cohen and Mrs. Cohen
jointly financed the litigation against the Cohens and employed Mr.
Mink to represent Swarm and Jeff Port through use of the couple's
community property. (Id.)

In response, Mrs. Port argues first that she was not a named
party to the lawsuit and had no duty to defend herself in the suit.
(Opposition at 14.) She notes that she never retained an attorney
to represent her and had no contact or involvement with Swarm's
outside counsel. (Id.; Vicki Port Decl. ¶ 26.) Mrs. Port did not
testify during the hearing. (Vicki Port Dec. ¶ 22.) She
acknowledges that she was present for all eleven days of the
hearing but asserts that her role was simply to provide support and
encouragement for her husband, who was in poor health having
shortly before been diagnosed with stage-four kidney cancer.(Vicki
Port Decl. ¶ 23.) She also asserts that she assisted her husband,
who was deaf in one ear, in following what was said in the
proceedings. (Id.) She states that she occasionally did Google

searches on her laptop to look for information about retailers or merchandise that were mentioned during the course of the testimony at the hearing. (Id. at 24.) Ms. Port acknowledges her jointly held savings account was drawn upon to help fund the litigation, though she asserts that this occurred without her advance knowledge or consent. (Vicki Port Decl. ¶ 21.)

The court finds that there is not sufficient evidence before it to support the conclusion that Mrs. Port controlled the litigation such that she was "virtually represented" in the proceedings. First, Mrs. Port's participation in a meeting that may have led to the litigation against Micah Cohen is not evidence that she was actively involved in defending herself against Cohen's subsequently filed counterclaims, particularly as she was not named as a defendant in those counterclaims. Second, the fact that Mrs. Port was present throughout the arbitration hearing does not establish that she maintained any control over the litigation. Her explanation for her presence--that she was present to provide emotional support her ailing husband and assist him in following the discussions--is reasonable. Her presence does not indicate that she controlled the litigation "with a diligence corresponding to the risk of personal liability" that would be involved were she herself a defendant. NEC, 208 Cal. App. 3d. at 778. Third, while Mrs. Port has acknowledged that community property was used to pay for the litigation, the funding of a proceeding is not sufficient to demonstrate control over the proceeding. See Minton v. Cavaney, 56 Cal. 2d 576, 581 (1961) (holding new defendant's supplying of funds for previous litigation was insufficient to show control over the litigation).

1     This conclusion is further supported by a comparison between
2  the present case and the cases relied upon by the Cohens where
3  California courts found allowed the amendment of a judgment to add
4  a defendant based on the defendant's control over the previous
5  litigation.
6     The Cohens cite <u>Jack Farenbaugh & Son v. Belmont Constr.,</u>
7  <u>Inc.</u>, 194 Cal. App. 3d 1023, 1030 (Ct. App. 1987) as "allowing
8  amendment of judgment to add judgement-debtor when new debtor, an
9  owner of the defendant entity, was present at the original trial."
10 (Motion at 16.) However, the appeals court in <u>Farenbaugh</u> did not
11 approve the addition of the defendant based solely on the
12 defendant's presence during the trial. Rather, the court noted the
13 trial judge's observation that the defendant had "figured very,
14 very prominently in the original trial," having testified, been
15 cross examined, and "was giving instructions to his attorney as to
16 what he wanted done." <u>Id.</u> at 1030-31. None of these additional
17 circumstances demonstrating control are present in the instant case
18 with respect to Mrs. Port.
19    Similarly, the Cohens cite <u>Alexander v. Abbey of the Chimes</u>,
20 104 Cal.App.3d 39, 46 (Ct. App. 1980). (Motion at 16.) There, the
21 court allowed the sole shareholder of a corporation to be added
22 following a judgment against the corporation. Yet the court in
23 <u>Alexander</u> based its approval of the post-judgment addition of the
24 defendant on evidence that the defendant was deeply involved in the
25 corporation's litigation strategy. The court cited testimony from
26 the lawyer who tried the case on behalf of the defendant
27 corporation to the effect that the newly added individual defendant
28 "participated in the litigation both as chief operating officer [of

9

the defendant corporation] and as a lawyer," that the defendant was
his key liaison on the case, that he discussed the case with the
defendant "on a lawyer-to-lawyer basis," that the defendant
prepared documents that were used in the litigation, that hearings
were continued and reset at times convenient to the defendant.
Alexander, 104 Cal. App. 3d at 46. No such evidence of meaningful
control over the litigation is present with respect to Mrs. Port in
the instant case.

Finally, the Cohens rely on Mirabito v. San Francisco Dairy
Co., 8 cal. App. 2d 54 (1935), apparently for the proposition that
any defense Mrs. Port might have raised at the arbitration was
adequately presented by Swarm in its defense of her husband. (Reply
at 11.) In Mirabito, a California appeals court upheld a trial
court's decision to add Dairy Delivery Company, Inc. as a defendant
after judgement was entered against what it determined was its
alter ego, San Francisco Dairy. The two companies shared the same
president, vice-president, and secretary, occupied the same office,
and the president admitted acknowledging that "these companies were
one." Id. at 58.

Mirabito provides little support for the Cohens' position.
Decided in 1935, Mirabito did not explicitly address the question
of whether the newly added party exercised control over the prior
litigation. The court did note that there was no indication in the
record that naming Dairy Delivery Company in the original action
"could have produced a scintilla of evidence that would have in any
way effected the results of the trial." Id. at 60. However, the
same could not be said of the present case. Had Mrs. Port been
named as a defendant, the Arbitrator may well have found that Vicki

Port was not an alter ego of Swarm. The Arbitrator based his
conclusion that her husband Jeff Port was an alter ego of Swarm in
part on facts that were unique to Jeff Port, including that he
personally guaranteed the obligations of Swarm and paid certain of
the company's fees. (See Award at 34-35.) Mrs. Port has denied
having made such guarantees or payments or otherwise involving
herself in Swarm's business in any substantial way and the court
has no evidence before it to the contrary. (See, e.g., Vicki Port
Decl. ¶ 19.) The case put on for Jeff Port does not constitute
virtual representation of his wife.  As a California appeals court
noted in denying a motion to add the wife of a judgement debtor as
a defendant after judgment was entered against her husband, "it can
no longer be rationally claimed that a wife is one and the same
person as her husband or, as it used to be said, that *uxor non est
sui juris, sed sub potestate viri*." Oyakawa v. Gillet, 8 Cal. App.
4th 628 (1992).[1]

    In sum, the court finds that the Cohens have not presented
sufficient evidence to support a finding that Mrs. Port controlled

---

    [1] The court recognizes that Oyakawa does not control the
current case in its entirety because, unlike the Plaintiff in
Oyakawa, the Cohens have not asserted that Vicki Port is liable as
an alter ego based solely on her relationship with her husband.
However, the general proposition that a claim against one spouse
does not suffice as a claim against the other is applicable here,
where Plaintiffs have advocated that the court treat the Ports as a
unit. (See, e.g., Mot. at 17 ("The Ports also completely controlled
the litigation.")) Additionally, to the extent that Plaintiffs
assert that Mrs. Port is liable as a defendant because the Ports'
interest in Swarm was a community property asset, (Mot. at 12), the
court notes Oyakawa's holding that: "Although community property is
liable for a debt incurred by either spouse during marriage (Civ.
Code, § 5120.110, subd. (a)), it does not follow that a wife can be
added to a judgment rendered against her husband in an action in
which she was not named and had no opportunity to defend." Oyakawa,
8 Cal. App. 4th at 631 (1992).

the earlier litigation. As a result, it would offend due process to amend the judgment to add her as a defendant at this juncture. Because this finding is fatal to the assertion that the court may add Vicki Port as a defendant post-judgment, the court need not address the question of whether Mrs. Port was or is Swarm's alter ego.

**IV. Conclusion**

For the reasons set forth above, the court DENIES Plaintiffs' Motion to Add Vicki L. Port as Defendant.


IT IS SO ORDERED.



Dated: December 16, 2013

DEAN D. PREGERSON
United States District Judge